I concur in the final outcome of the majority opinion, but write separately because I believe the appellant has standing as a consumer to bring this action under the Ohio Consumer Sales Practices Act, R.C. 1345.01.
The trial court compared gift cards to the television purchase in Oliver v. Thomson Consumer Elecs. (Dec. 16, 1998), 9th Dist. No. 97CA006948. In Oliver, the appellant received a television as a gift from his father. Problems with the television surfaced immediately. The appellant attempted to have the problem corrected with both the retailer and manufacturer to no avail. The appellant, therefore, filed suit against the manufacturer and retailer for misrepresentation, fraud, and breach of warranty in violation of the Ohio Consumer Sales Practices Act. The court concluded that the trial court properly dismissed the appellant's consumer claims because since the father purchased the television, the appellant did not engage in a consumer transaction.
I conclude that Oliver is distinguishable from the instant case. When a person receives a television as a gift, there is no further negotiation on the part of the recipient. However, gift cards require the recipient to use the card to select a product or service. In fact, during oral argument, counsel acknowledged that the gift cards were intended to be used in commerce. Therefore, I believe upon receiving and using the gift card, the recipient of the card is a consumer.
The reality of this case is that the placement of expiration dates on gift cards is unconscionable. The vendor receives the money when the gift card is purchased. Therefore, requiring the recipient to use the card within a specific time only serves the purpose of allowing the vendor to pocket the money without having to provide a product or service in exchange.
However, although I conclude appellant is a consumer and the expiration dates are unconscionable, Ohio currently does not have a law prohibiting expiration dates on gift cards. Consequently, I concur with the outcome of this case and conclude the appellant has failed to establish a successful claim.